Cite as: 601 U. S. \_\_\_\_ (2023)    1

# SUPREME COURT OF THE UNITED STATES

———

No. 23A281

———

PRESS ROBINSON, ET AL. *v.* KYLE ARDOIN,
LOUISIANA SECRETARY OF STATE, ET AL.

ON APPLICATION FOR STAY

———

No. 23A282

———

EDWARD GALMON, ET AL. *v.* KYLE ARDOIN,
LOUISIANA SECRETARY OF STATE, ET AL.

ON APPLICATION FOR STAY

[October 19, 2023]

The applications for stay presented to JUSTICE ALITO and by him referred to the Court are denied.

JUSTICE JACKSON, concurring in denial of applications for stay.

I concur in the denial of emergency relief. I write separately to emphasize two points.

First, nothing in our decision not to summarily reverse the Fifth Circuit should be taken to endorse the practice of issuing an extraordinary writ of mandamus in these or similar circumstances.

Second, as we have previously emphasized, this litigation should be resolved "in advance of the 2024 congressional elections in Louisiana." *Ardoin* v. *Robinson*, 599 U. S. \_\_\_, \_\_\_ (2023). To that end, I read the Fifth Circuit's mandamus ruling to require the District Court to delay its remedial hearing only until the Louisiana Legislature has had sufficient time to consider alternative maps that comply with the Voting Rights Act. See *In re Landry*, \_\_\_ F. 4th

___, 2023 WL 6302186, *4 (CA5, Sept. 28, 2023). The State has now represented, in its filings before this Court, that the legislature will not consider such maps while litigation over the enacted map is pending. See Response to Emergency Application for Stay of Writ of Mandamus in Nos. 23A281, 23A282, p. 16. Therefore, the District Court will presumably resume the remedial process while the Fifth Circuit considers the State's appeal of the preliminary injunction.